**TONI JARAMILLA, A Professional Law Corp.**
Toni J. Jaramilla, Esq. (SBN 174625)
May Mallari, Esq. (SBN 207167)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 551-3020 | F: (310) 551-3019
E-mail: Toni@tjjlaw.com | May@tjjlaw.com

**ALEXANDER MORRISON + FEHR LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Britt L. Karp (SBN 278623)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: 310 394 0888 | F: 310 394 0811
E: balexander@amfllp.com | bkarp@amfllp.com

Attorneys for the Plaintiff
NASSER BAKER

## UNITED STATES DISTRICT COURT

## GENERAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASSER BAKER,<br><br>          Plaintiff,<br>     vs.<br><br>COUNTY OF LOS ANGELES,<br>SHERIFF ALEX VILLANUEVA, an<br>individual, JOHN DOE No. 1, and DOES<br>2-20 inclusive,<br><br>          Defendants. | CASE NO:<br><br>**COMPLAINT FOR DAMAGES<br>AND OTHER RELIEF**<br><br>1. First Amendment Violation (42 U.S.C. 1983)<br>2. Fourth Amendment Violation (42 U.S.C. § 1983) Excessive Force<br>3. Fourteenth Amendment Violation (42 U.S.C. § 1983)<br>4. Assault and Battery<br>5. Negligence<br>6. Violation of Bane Civil Rights Act (Civil Code § 52.1)<br>7. Intentional Infliction of Emotional Distress<br>8. Negligent Infliction of Emotional Distress<br>9. Municipal Liability (Monell) Inadequate Training, Ratification, Unconstitutional Custom and Practice<br><br>**DEMAND FOR JURY TRIAL** |

# **INTRODUCTION**

1.     This is a civil rights and state tort action that seeks compensatory damages from the Defendants generally and punitive damages from Defendant Deputy "John Does" for violating various rights under the United States Constitution and state law in connection with the unjustified assault and use of excessive force, paired with both intimidating and threatening verbal and physical abuse of Naser Baker on September 13, 2020.

2.     Plaintiff Nasser "Nash" Baker, up to and including the date of the unwarranted attack, was and is a photojournalist and contributor to ONSCENE.TV. He also provides video footage for use by major news media in connection with newsworthy incidents and events.  Plaintiff devotes his time to capturing and highlighting injustice, working some of Los Angeles's toughest areas day and night. Plaintiff aimed to use his profession in a positive manner, effectively acting as the eyes and ears of the public and to objectively provide  snapshots and footage of reality through his camera lenses and in public media. While exercising his First Amendment right to freedom of speech and the press, Plaintiff was subjected to unwarranted physical and verbal abuse which has resulted in continued and prolonged fear, emotional and psychological distress.

3.     Defendants' assault and excessive use of force arose as Plaintiff sought to cover and videorecord a protest occurring outside of Saint Francis Hospital, where most participants were protesting peacefully.  This protest occurred within the context of larger demonstrations and protests which were occurring throughout Los Angeles, with principled individuals exercising their First Amendment Right to assemble, to seek redress for grievances and to express support for the Black Lives Matter movement.

4.     The Los Angeles County Sheriff's Department ("LACSD") has engaged in a pattern and practice of showing hostility to members of the public and even the

press in creating a video-recordings of interactions between the LACSD and the public which casts the LACSD in a bad light, or otherwise exposes acts of excessive use of force by the LACSD.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343(a)(3)-(4) [civil rights jurisdiction], because the Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and 1988, and the First, Fourth and Fourteenth Amendments of the United States Constitution. This Court has jurisdiction to issue declaratory or injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Federal Rule of Civil Procedure 57.

6.     This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. §§1331,1343, and 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

8.     **Plaintiff:** Plaintiff NASSER "NASH" BAKER ("PLAINTIFF") is a 46-year-old male, who at all relevant times mentioned in this Complaint resides in the City of Los Angeles, California. The Plaintiff seeks both general and punitive damages under federal and state law.

9.     **Public Entity Defendant:** At all relevant times, Defendant COUNTY OF LOS ANGELES ("COUNTY") was and is a municipal corporation existing under the Constitution and laws of the State of California. COUNTY is a governmental subdivision of the State of California with the capacity to be sued.  The LOS

ANGELES COUNTY SHERIFF'S DEPARTMENT ("LACSD") is a local government entity and an agency of the COUNTY, and all actions of the LACSD are the legal responsibility of the COUNTY.

10.     COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and employees. At all relevant times, Defendant COUNTY was responsible for assuring the actions, omissions, policies, procedures, practices and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, COUNTY was the employer of Defendant Deputy JOHN DOE.

11.     **Individual Defendants**: At all relevant times, Defendant ALEX VILLANUEVA, was acting under color of law within the course and scope of his duties as Sheriff of the Los Angeles County Sheriff's Department, and a policymaker for his department.   VILLANUEVA was charged with a legal duty to oversee and supervise the hiring, conduct and employment of deputies under his command.   Defendant VILLANUEVA is sued in both his individual and official capacities.

12.     At all relevant times, Defendant Deputy JOHN DOE No. 1 ("DOE") was and is a law enforcement deputy of the Sheriff's Department of the COUNTY.  DOE No. 1 was acting under color of law within the course and scope of his duties as a Sheriff's deputy of the COUNTY. DOE was acting with complete authority and ratification of his principal, Defendant COUNTY.

13.     At all times mentioned herein, Defendant COUNTY had a legal duty to oversee and supervise the hiring, conduct and employment of Defendant DOE.

14.     All of the acts complained of herein by the PLAINTIFF against Defendants were done and performed by said Defendants by and through their authorized agents and employees, namely DOE, whom at all relevant times herein was acting within the course, purpose, and scope of said service and/or employment

capacity. Moreover, Defendant COUNTY ratified DOE and all of the acts complained of herein.

15.     Defendant DOE is sued both in his individual and personal capacity, as well as in his official capacity as a deputy of COUNTY's Sheriff's Department.

16.     The PLAINTIFF is informed and believes, and based thereon alleges, that each of the Defendants DOES 1-20,  were engaged in law enforcement as deputies, deputy sergeants, captains, lieutenants, and/or civilian employees, agents and representatives of Defendant COUNTY, duly employed as a police officer or sheriff's deputy by the COUNTY OF LOS ANGELES Sheriff's Department ("LACSDwho were acting in the course and scope of his/her employment at all times relevant to the acts and omissions herein alleged.  Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant is legally attributable to the other Defendants. Each defendant, including DOES 1-20 inclusive are collectively referred to as "DEFENDANTS."

17.     The PLAINTIFF is ignorant of the true names and capacities of DEFENDANTS sued herein as DOES 1-20, inclusive, and therefore sue these DEFENDANTS by such fictitious names. The PLAINTIFF will amend this Complaint to allege their true names and capacities when ascertained. As such, the individual DOE DEFENDANTS are sued in both their individual and official capacities.

18.     In doing the acts and failing and omitting to act as hereinafter described, DEFENDANTS DOES 1-20 were acting on the implied and actual permission and consent of COUNTY OF LOS ANGELES Sheriff's Department.

19.     All DEFENDANTS who are natural persons, including Defendant DOE and DOES 1-20 are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the COUNTY.

20.    DEFENDANTS are liable for the PLAINTIFF's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California Government Code §§ 815.2 and 820.

21.    At all times mentioned herein, each and every DEFENDANT was the agent of each and every other DEFENDANT and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every DEFENDANT herein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

22.    On January 26, 2021 Plaintiff filed a timely tort claim for damages with COUNTY in substantial compliance with California Government Code §910.

23.    As a result of the COUNTY's failure to respond or to otherwise send a notice of rejection of Plaintiff's timely filed notice of tort claim, on or about March 12, 2021 and by operation of law, Plaintiff's claim was deemed rejected.

## FACTUAL ALLEGATIONS

24.    PLAINTIFF repeats, re-alleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

25.    On May 25, 2020, Minneapolis Police Officer Derek Chauvin, along with two other officers, held George Floyd on the ground, handcuffed behind his back, and ignored pleas to get off his neck, back and legs and let him breathe. Office Chauvin kept his knee on Floyd's neck for 9 minutes, twentynine seconds. As a result, Mr. Floyd died on the street in Minneapolis.

26.    Both the Minneapolis law enforcement and prosecutors as well as the public, concluded that George Floyd was the latest person to die at the hands of police because of deliberate and unlawful tactics of law enforcement largely because of extensive video by onlookers, security cameras, including police body cameras.

27.    In Los Angeles, tens of thousands of people participated in lawful and peaceful protest as part of an extraordinary reaction of protests across the country and around the world. Protestrts expressed their views in various different forms.  As a member of the press, during this general timeframe, Plaintiff was performing work as a photojournalist, creating a videotape record of peaceful protests and other events.

28.    On September 2021, in vicinity of St Francis Hospital located at 3630 E Imperial Highway, Lynwood, CA 90262, Plaintiff was present, performing press functions as a  photojournalist, videotaping a gathering of mostly peaceful protests occurring in the Los Angeles area, capturing and recording events of social and public interest, including the Black Lives Matters movement.

29.    While covering events in the vicinity of St Francis Hospital, Plaintiff began video-recording the actions of protesters and sheriff deputies, and the interactions between the two.  The interactions recorded included, but were not limited to, deputies: advancing toward retreating, unarmed protesters; threatening deadly force against unarmed civilians who posed no threat; unholstering their weapons and raising their hand-guns and pointing them at protesters, as the protesters retreated; gang-tackling, detaining and arresting a single protester who had been separated and isolated from other protesters; gang-tackling, detaining and arresting a reporter, Josie Huang, and ignoring attestations of her being a member of the press, among other things.

30.    At approximately 10:30pm, while Plaintiff was videotaping exchanges between sheriff deputies and protesters, DOE No. 1 rushed toward Plaintiff, physically pushed, struck and threatened Plaintiff. DOE No. 1 can be heard using obscene and hostile language and threatening physical harm to the Plaintiff personally and Plaintiff's equipment, stating, "Get out of here or I'll break your F-king camera."

31.    The attack on the Plaintiff was unprovoked and occurred while Plaintiff

Baker was exercising his protected First Amendment right to freedom of speech and the press, while acting on behalf of himself and the general public, in attempting to capture an objective record of events, including interactions between the Sheriff's Department and citizens of Los Angeles.

32.     DEFENDANTS' engaged in these actions with the objective of stifling press coverage, including videotape and photographic recordings of any kind, including press coverage and citizen photography, to suppress and chill free speech, to prevent accurate dissemination of news reports regarding the LACSD' treatment of citizens engaged in a constitutionally protected, non-violent protest, and to prevent evidence of DEFENDANTS' excessive use of force.

33.     California Penal Code § 409, which defines an unlawful assembly, has been repeatedly construed to require a showing of imminent violence that so permeates a lawful expressive activity that law enforcement may justifiably curtail the rights of all. In this instance, no such facts exist.

34.     COUNTY, through acts and inactions of The Los Angeles County Sheriff's Department, ALEX VILLANUEVA, and Defendants DOES 1-20, have failed to train its officers, in the constitutional response to peaceful demonstrations as revealed by the above-described allegations. The DEFENDANTS have a custom of using excessive force against peaceful protestors, kettling lawful assemblies, and suppressing and preventing efforts by the press and the general public to record DEFENDANT's actions.

35.     The COUNTY have/has been aware of deficiencies in its training since at least 2000 followed by settlement agreements in June 2005 and June 2009 to revise policies and training. Yet the unlawful crowd control, excessive use of force, inter alia DEFENDANTS' currently employed tactics, fail constitutional requirements.

/ / /

/ / /

**FIRST CLAIM**

**Freedom of Speech – First Amendment**

**42 U.S.C § 1983**

**(Against All Defendants)**

36.   PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

37.   DEFENDANTS conduct, described above, violated PLAINTIFF's rights to freedom of speech and the press, assembly, and association under the First Amendment to the United States Constitution.

38.   When the Plaintiff gathered with others within the vicinity of St. Francis Hospital, COUNTY officers failed to order disbandment, instead launching into widespread force against the Plaintiff and others gathered in peaceful protest. DEFENDANTS and specifically DOE No. 1, in the absence of reasonable suspicion and imminent threat, unlawfully used excessive force and subjected Plaintiff to retaliatory and punitive conditions in response to Plaintiff's exercise of First Amendment rights.

39.   The DEFENDANTS' employed the above-mentioned tactics under egotistical and scaremongering circumstances, activity deemed completely rogue and baseless aside from standard police protocol.

**SECOND CLAIM**

**Excessive Force-Fourth Amendment**

**42 U.S.C. § 1983**

**(Against All Defendants)**

40.   PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

41.     DEFENDANTS' conduct, as described above, violated the Plaintiff's rights to be free from excessive or arbitrary force without reasonable or probable cause under the Fourth Amendment to the United States Constitution. DOE No. 1 physically pushed, struck, and threatened the PLAINTIFF and PLAINTIFF's equipment in a completely unjustifiable and malicious manner.

42.     The use of force was excessive and unreasonable, as Plaintiff Baker posed no immediate threat of serious injury to DOE NO. 1 nor to any other individual at the time of the attack, was in no way interfering with the actions of the LACSD, as Plaintiff was unarmed and operating within the parameters of his First Amendment Constitutional Right. Further, Defendant DOE NO.1's use of excessive force, and threats of excessive force, violated not only training received by him, but that of standard police officer training.

43.     As a direct and legal result of the acts and omissions of DEFENDANTS, and specifically DOE No. 1, PLAINTIFF has been caused and continues to suffer emotional distress, humiliation, fright, discomfort, anxiety, and psychological harm. The exact nature and extent of said injuries is presently unknown to the PLAINTIFF. The PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some if not all the injuries are reasonably certain to be permanent in character.

44.     PLAINTIFF seeks general and punitive damages for the violation of his rights.

45.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of the PLAINTIFF, entitling Plaintiff Baker to an award of exemplary and

punitive damages against all non-government entity defendants, including Defendants VILLANUEVA and DOE No. 1, in an amount to be determined at the time of trial.

46.     As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

## THIRD CLAIM

### Substantive Due Process – Fourteenth Amendment

### 42 U.S.C. § 1983

### (Against All Defendants)

47.     PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

48.     DEFENDANTS' conduct, described above, deprived the PLAINTIFF of liberty without due process under the Fourteenth Amendment to the United States Constitution.

49.     The aforementioned actions of DEFENDANTS, and specifically DOE No. 1, shock the conscience, in that DEFENDANTS acted with deliberate indifference to the constitutional rights of PLAINTIFF, and with purpose to harm unrelated to any legitimate law enforcement objective.

50.      As a direct and legal result of the acts and omissions of DEFENDANTS, and specifically DOE No. 1, PLAINTIFF has been caused and continues to suffer emotional distress, humiliation, fright, discomfort, anxiety, and psychological harm. The exact nature and extent of said injuries is presently unknown to the PLAINTIFF. The PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon

alleges that some if not all the injuries are reasonably certain to be permanent in character.

51.    PLAINTIFF seeks general and punitive damages for the violation of his rights.

52.    PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of the PLAINTIFF, entitling Plaintiff Baker to an award of exemplary and punitive damages against all non-government entity defendants, including Defendants VILLANUEVA and DOE No. 1 only, in an amount to be determined at the time of trial.

53.    As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

### FOURTH CLAIM

**Assault and Battery**

**Gov. Code § 820 and California Common Law**

**(Against all Defendants)**

54.    The PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

55.    Defendant DOE No. 1, while working as a deputy sheriff for the LACSD and acting within the course and scope of his duties, intentionally pushed, struck, verbally and physically threatened  PLAINTIFF, without reasonable suspicion and probable cause. As a result of the actions of DEFENDANTS, and specifically DOE No. 1, PLAINTIFF sustained immediate physical injury and longstanding emotional

distress. Defendant DOE No. 1 had no legal justification for using force against the PLAINTIFF, and the use of force exercised while carrying out his duties as a sheriff officer was unreasonable and non-privileged.

56.     COUNTY is vicariously liable for the wrongful acts of Defendant DOE No. 1 and pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

57.     PLAINTIFF is informed and believes and thereon alleges that the conduct of Defendant DOE No. 1 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of the PLAINTIFF, entitling Plaintiff Baker to an award of exemplary and punitive damages in an amount to be determined at the time of trial.

58.     As a result of their conduct, DEFENDANTS are liable for the PLAINTIFF's injuries, either because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

59.     As a direct and legal result of the acts and omissions of DEFENDANTS, and specifically DOE No. 1, PLAINTIFF has been caused and continues to suffer emotional distress, humiliation, fright, discomfort, anxiety, and psychological harm. The exact nature and extent of said injuries is presently unknown to the PLAINTIFF. The PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some if not all the injuries are reasonably certain to be permanent in character.

60.     PLAINTIFF seeks general and punitive damages for the violation of his rights.

61.     PLAINTIFF is informed and believes and thereon alleges that

DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of the PLAINTIFF, entitling Plaintiff Baker to an award of exemplary and punitive damages against all non-government entity defendants, including Defendants VILLANUEVA and DOE No. 1 only, in an amount to be determined at the time of trial.

62.     As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

## FIFTH CLAIM

### Negligence

### Gov. Code § 820 and California Common Law

### (Against All Defendants)

63.     PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

64.     Sheriff officers, including DOE No. 1 and DOES 2-20, have a duty to use reasonable care to prevent harm or injury to others. This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and avoiding use of any force unless necessary.

65.     Defendant DOE breached this duty of care. Upon information and belief, the actions and inactions of Defendant DOE were negligent and reckless, including but not limited to:

(a)     failure to properly and adequately assess the need to use force against the PLAINTIFF;

    (b)    failure to monitor and record any use of force by DOE No. 1, the COUNTY and DEFENDANT DOES 2-20;

    (c)    negligent tactics and handling of the situation with PLAINTIFF;

    (d)    negligent use of excessive force against PLAINTIFF;

    (e)    failure to properly train and supervise employees, both professional and non-professional, including DOE No. 1; and

    (f)    negligent handling of evidence and witnesses.

66.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, PLAINTIFF was caused and continues to suffer severe pain and suffering, both physically and emotionally.

67.    COUNTY is vicariously liable for the wrongful acts of DEFENDANTS, and specifically DOE No. 1, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

68.    The aforementioned acts and omissions of DEFENDANTS, and specifically DOE No. 1, were committed knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress the PLAINTIFF, with conscious disregard to his known rights and deliberate indifference to the risk of injury to PLAINTIFF. By reason thereof, PLAINTIFF seeks punitive and exemplary damages from the DEFENDANTS in an amount approved.

69.    COUNTY knew or reasonably should have known that Defendant DOE would engage in such a violent misconduct against the PLAINTIFF, during the course and scope of their employment, an that, as a direct and proximate result of those violations, the PLAINTIFF would suffer injuries as alleged herein.

70.     COUNTY had the authority to supervise, prohibit, control, and/or regulate DEFENDANTS, and specifically DOE No. 1, so as to prevent the acts and omissions as alleged herein from occurring.

71.     COUNTY failed to exercise due care by hiring, retaining, and failing to supervise, prohibit, control or regulate DEFENDANTS, and specifically DOE No. 1, and DEFENDANT DOES 2 -20. As a direct and proximate result of COUNTY's negligent hiring, retention and supervision, control and regulating of DEFENDANTS, and specifically DOE No. 1, PLAINTIFF has and continues to suffer injuries entitling him to damages in the amounts to be proven at trial.

72.     As a direct and legal result of the acts and omissions of DEFENDANTS, and specifically DOE No. 1, PLAINTIFF has been caused and continues to suffer emotional distress, humiliation, fright, discomfort, anxiety, and psychological harm. The exact nature and extent of said injuries is presently unknown to the PLAINTIFF. The PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some if not all the injuries are reasonably certain to be permanent in character.

73.     As a result of their conduct DEFENDANTS' are liable for the PLAINTIFF's injuries either because they were integral participants in the use of excessive force, assault and battery, or because they failed to prevent these violations under the doctrine of *respondeat superior*.

74.     As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

/ / /

/ / /

/ / /

## SIXTH CLAIM

### Violation of the Bane Act

### Cal. Civil Code § 52.1

### (Against All Defendants)

75.     The PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

76.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from using or threatening to commit violent acts in retaliation against another person for exercising that person's constitutional rights.

77.     As alleged herein, Defendant DOE No. 1, COUNTY and DOES 2-20, through their acts and omissions, interfered with PLAINTIFF's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process and protection from bodily harm, including his rights under Civil Code §43, Penal Code §§ 149, 240, and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

78.     As alleged herein, DEFENDANTS, and specifically DOE No. 1, while working for COUNTY and acting within the course and scope of his duties, intentionally committed and attempted to commit acts of violence against the PLAINTIFF or acted in reckless disregards of the PLAINTIFF's civil rights in initiating an unprovoked attack in the absence of reasonable suspicion or probable cause, by making the erroneous determination that excessive force was warranted under the circumstances; by pushing, striking and threatening the PLAINTIFF.

79.     PLAINTIFF reasonably believes and understands that the violent acts committed by DEFENDANTS, and specifically DOE No. 1, were intended to discourage PLAINTIFF from exercising the above civil rights, to retaliate against PLAINTIFF for engaging in protected conduct, or invoking such rights, or to prevent PLAINTIFF from exercising such rights.

80.     DEFENDANTS, and specifically DOE No. 1, successfully interfered with the above civil rights of PLAINTIFF.

81.     The conduct of DEFENDANTS, and specifically DOE No. 1, was a substantial factor in causing PLAINTIFF's harm, injuries, and damages.

82.     COUNTY is vicariously liable for the wrongful acts of Defendant DOE No. 1, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

83.     As a result of their conduct the DEFENDANTS' are liable for the PLAINTIFF's injuries either because they were integral participants in the use of excessive force, assault and battery, or because they failed to prevent these violations under the doctrine of *respondeat superior*.

84.     As a direct and legal result of the DEFENDANTS' acts and omissions, the PLAINTIFF has and will continue to suffer damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, attorneys' fees, and costs of suit.

85.     PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of the PLAINTIFF, entitling Plaintiff Baker to an award of exemplary and

punitive damages against all non-government entity defendants, including Defendants VILLANUEVA and DOE No. 1 only, in an amount to be determined at the time of trial.

86.     As a direct and proximate result of Defendants conduct, as alleged herein, PLAINTIFFS have been compelled to retain legal counsel, and are entitled to reasonable attorney's fees and costs of suit.

## SEVENTH CLAIM

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

87.     PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

88.     DEFENDANTS were deputy officers who were acting in the course and scope of their employment and on behalf of Defendant COUNTY with all requisite authority conferred upon them by Defendant COUNTY.

89.     COUNTY is vicariously liable for the wrongful acts of Defendant DOE, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

90.     By virtue of Defendants' positions and employment, Defendant COUNTY knew of or reasonably should have known of, authorized, adopted, approved and/or ratified Defendants' wrongful, unlawful, and unconstitutional conduct before, during and/or after it occurred.

91.     DEFENDANTS knew or should have known that severe emotional distress would result from their conduct; or Defendants gave little or no thought to the probable effects of their conduct.

92.     DEFENDANTS aforementioned conduct was a substantial factor in causing PLAINTIFF's severe emotional distress.

93.     As sheriff deputies, Defendants abused a position of authority that gave Defendants real or apparent power to affect PLAINTIFF's interests.

94.     As a direct and legal result of the above acts and omissions, the PLAINTIFF has and will continue to suffer damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury.  The exact nature and extent of said injuries is presently unknown to the PLAINTIFF. The PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

95.     PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of the PLAINTIFF, entitling Plaintiff Baker to an award of exemplary and punitive damages against DEFENDANT DOE NO. 1 and Defendant VILLANUEVA only, in an amount to be determined at the time of trial.

## EIGHTH CLAIM

### Negligent Infliction of Emotional Distress

### (Against All Defendants)

96.     PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

97.     In the alternative, Defendant DOE's conduct was described above was done in a careless or negligent manner, without consideration for the effect of such conduct upon the PLAINTIFF's emotional well-being.

98.    As a direct and legal result of the above acts and omissions, the PLAINTIFF has and will continue to suffer damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury.  The exact nature and extent of said injuries is presently unknown to the PLAINTIFF. The PLAINTIFF does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some if not all of the injuries are reasonably certain to be permanent in character.

## NINTH CLAIM

**Municipal Liability (Monell)**

**Inadequate Training, Ratification, Unconstitutional Custom and Practice**

**42 U.S.C. § 1983**

**(Against All Defendants)**

99.    PLAINTIFF repeats, realleges, and incorporates by reference the allegations contained in all previous paragraphs as though fully set forth at length herein.

100.   Defendant DOE acted under color of law.

101.   The actions of Defendant DOE No. 1 deprived PLAINTIFF of his particular rights under the United States Constitution.

102.   Defendant VILLANUEVA, a final policymaker, acting under the color of law, who had final policymaking authority concerning the acts of Defendant DOE No. 1 and others, ratified Defendant DOE No. 1 acts and the basis for them. The final policymaker knew of and specifically approved Defendant DOE No. 1's acts.

103.   Defendant COUNTY failed to adequately and properly train its Deputies to handle the usual and recuring situations with which they must deal, or how, when and under what circumstances lethal and nonlethal use of force is warranted.

104.   Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

105.   The failure of Defendant COUNTY to provide adequate training, including training with regards to use of force caused the deprivation of the PLAINTIFF's rights by Defendant DOE; that is, Defendants' failure to train is so closely related to the deprivation of the PLAINTIFF's rights as to be the moving force that caused the ultimate injury.

106.   On information and belief, with respect to Deputy DOE, Defendant COUNTY failed to properly and adequately discipline, reprimand, retrain, suspend, or otherwise penalize conduct and actions in connection with the unprovoked attack on the PLAINTIFF.

107.   Defendant COUNTY and Deputy DOE together with other COUNTY policy makers and supervisors, maintained, inter alia, engaged in the following unconstitutional customs, practices, and policies:

    (a)    Use of excessive force.

    (b)    Providing inadequate training regarding the use of excessive force;

    (c)    Employing and retaining as law enforcement officers' individuals, such as Defendant DOE No. 1, who Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    (d)    Inadequately supervising, training, controlling, assigning, and disciplining COUNTY officers, and other personnel, including Defendant DOE, who Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits.

(e)   Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by COUNTY officers, namely Defendant DOE.

(f)   Failing to adequately discipline Defendant DOE regarding the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct.

(j)   Failing to professionally train police officers to use nonlethal force and to maintain their equipment concerning nonlethal force.

108.   By reason of the aforementioned acts and omissions, PLAINTIFF has and continues to suffer both physical and emotional turmoil at the hands of the DEFENDANTS.

109.   All Defendants, DOE No. 1, COUNTY and DOES 2-20, together with various officials whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.

110.   By information and belief, and despite having knowledge as stated above, Defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said Defendants acted with deliberate indifference to the foreseeable effects and consequences of these actions and policies with respect to the constitutional rights of the PLAINTIFF and other individuals similarly situated.

111.   By perpetrating, sanctioning, tolerating, and ratifying the outrageous conduct and other wrongful acts, Defendant DOE acted with intentional, reckless, and callous disregard for the PLAINTIFF's constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by all the DEFENDANTS, DOE, COUNTY and DOES 1-20 were affirmatively linked to

and were a significantly influential force behind the PLAINTIFF's injuries, including but not limited to Defendant DOE's use of excessive force against the PLAINTIFF.

112.   PLAINTIFF is informed and believes and thereon alleges that the DEFENDANTS, and each of them by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with a conscious disregard for the rights of the PLAINTIFF, entitling Plaintiff Baker to an award of exemplary and punitive damages against DEFENDANT DOE NO. 1 and Defendant VILLANUEVA only, in an amount to be determined at the time of trial.

113.   As a result of their conduct, DEFENDANTS are liable for the PLAINTIFF's injuries, either because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

114.   The PLAINTIFF seeks both general and punitive damages, including pre-attack physical pain and suffering, together with emotional distress for the violation of his rights. The Plaintiff also seeks attorney's fees under this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE**, PLAINTIFF requests entry of judgement in his favor and against the DEFENDANTS DOE, COUNTY, VILLANUEVA and DOES 1-20, as follows:

1.     For general economic and non-economic damages according to proof;

2.     For special damages according to proof;

3.     For punitive damages where allowed by law;

4.     For equitable relief;

5.     For prejudgment interest;

6.     For costs of suit incurred herein;

7.     For attorney's fees as allowed by law;

8.      For civil penalties as allowed by law;

9.      For such other and further relief as this Court deems just and proper, and appropriate.

Dated: April 23, 2021

Respectfully submitted,

ALEXANDER MORRISON + FEHR LLP

TONI JARAMILLA, A Professional Law Corp.

By:   s/ J.  Bernard Alexander, III
        Toni J. Jaramilla
        J. Bernard Alexander, III

        Attorneys for the Plaintiff
        NASSER "NASH" BAKER

COMPLAINT AND DEMAND FOR JURY TRIAL

# **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 31, 2021              Respectfully submitted,

ALEXANDER MORRISON + FEHR LLP

TONI JARAMILLA, A Professional Law Corp.


By: s/ J. Bernard Alexander, III
       J. Bernard Alexander, III
       Toni J. Jaramilla

Attorneys for the Plaintiff
NASSER "NASH" BAKER