PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
County of Los Angeles and Sheriff Alex Villanueva

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NASSER BAKER,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF ALEX VILLANUEVA, an individual, JOHN DOE No. 1, and DOES 2-20 inclusive,<br><br>    Defendants. | Case No. 2:21-cv-03742-CAS-MAR<br><br>Honorable Christina A. Snyder<br><br>**ANSWER OF DEFENDANTS COUNTY OF LOS ANGELES AND SHERIFF ALEX VILLANUEVA TO FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

COME NOW Defendants County of Los Angeles and Sheriff Alex Villanueva (collectively, "Defendants"), and answering the First Amended Complaint ("FAC") herein for themselves and for no other Defendants, admit, deny, and allege as follows:

1. Answering Paragraphs 1, 3, 4, 20, 32, 34, 35, 37, 39, 41, 43, 45, 48, 49, 52, 58, 61, 67, 68, 69, 70, 71, 73, 77, 78, 79, 80, 81, 82, 83, 85, 90, 91, 93, 95, 97, 101, 103, 104, 105, 106, 107, 109, 110, 111, 112, 113, and the Prayer of the

FAC, Defendants deny generally and specifically each and every allegation contained therein.

2. Answering Paragraphs 2, 8, 10, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 25, 26, 27, 28, 29, 30, 31, 33, 38, 42, 44, 46, 50, 51, 53, 55, 56, 57, 59, 60, 62, 64, 65, 66, 72, 74, 84, 86, 88, 89, 92, 94, 98, 100, 102, 108, and 114 of the FAC, Defendants do not have sufficient information or belief to enable them to answer said paragraphs and, on that ground, deny each and every allegation contained therein, and specifically deny that they violated Plaintiff's rights.

3. Answering Paragraph 11 of the FAC, Defendants admit that Alex Villanueva is the duly elected Sheriff of Los Angeles County. As to the remainder of the allegations set forth in said paragraph of the FAC, Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

4. Answering Paragraph 5 and 6 of the FAC, Defendants admit that, under the facts alleged, jurisdiction is proper.

5. Answering Paragraph 7 of the FAC, Defendants admit that, under the facts alleged, venue is proper.

6. Answering Paragraph 9 of the FAC, Defendants admit that the County of Los Angeles is a public entity and that the Los Angeles County Sheriff's Department ("LASD") is a subdivision of the former. As to the remainder of the allegations set forth in said paragraph of the FAC, these Defendants do not have sufficient information or belief to enable them to answer said paragraph and, on that ground, deny each and every allegation contained therein.

7. Answering Paragraph 24 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 23 as though fully set forth herein.

//

8. Answering Paragraph 36 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 35 as though fully set forth herein.

9. Answering Paragraph 40 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 39 as though fully set forth herein.

10. Answering Paragraph 47 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 46 as though fully set forth herein.

11. Answering Paragraph 54 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 53 as though fully set forth herein.

12. Answering Paragraph 63 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 62 as though fully set forth herein.

13. Answering Paragraph 75 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 74 as though fully set forth herein.

14. Answering Paragraph 87 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 86 as though fully set forth herein.

15. Answering Paragraph 96 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 95 as though fully set forth herein.

16. Answering Paragraph 99 of the FAC, Defendants incorporate by reference their responses to Paragraphs 1 through 98 as though fully set forth herein.

//

## AFFIRMATIVE DEFENSES
### FIRST AFFIRMATIVE DEFENSE

17. The FAC fails to state a claim.

### SECOND AFFIRMATIVE DEFENSE

18. Plaintiff's FAC fails to state a cause of action against these public entity defendants for, pursuant to *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 694 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or practice.

### THIRD AFFIRMATIVE DEFENSE

19. The FAC does not state facts sufficient to constitute a cause of action against Defendants under 42 U.S.C. § 1983 because simple negligence pursuant to the United States Supreme Court decision of *Parratt v. Taylor*, 451 U.S. 527 (1981), is not a federal civil rights violation.

### FOURTH AFFIRMATIVE DEFENSE

20. Pursuant to California Government Code § 818 and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), this public entity defendant is not liable for exemplary or punitive damages in any sum, or at all.

### FIFTH AFFIRMATIVE DEFENSE

21. Defendants and any individual defendants employed by them are entitled to qualified immunity since they did not violate Plaintiff's rights, the applicable law was not clearly established and since a reasonable official in their position could have believed their conduct was lawful.

### SIXTH AFFIRMATIVE DEFENSE

22. To the extent that any force was used, it was privileged as being reasonably necessary, and being believed to be so necessary, to the lawful defense of third parties and/or Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

23. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in Plaintiff's FAC with specificity.

**EIGHTH AFFIRMATIVE DEFENSE**

24. The County Sheriff and his subordinates act on behalf of the State, not the County, when engaged in law enforcement activities, consequently, any policies, practices or customs alleged in Plaintiff's FAC are not those of the County.

**NINTH AFFIRMATIVE DEFENSE**

25. The County is immune from liability under the Eleventh Amendment to the Constitution of the United States.

**TENTH AFFIRMATIVE DEFENSE**

26. Neither a public entity nor a public employee is liable for his act or omission, exercising due care, in the execution or enforcement of any law.

**ELEVENTH AFFIRMATIVE DEFENSE**

27. Neither a public employee nor a public entity is liable for any injury caused by the act or omission of another person.

**TWELFTH AFFIRMATIVE DEFENSE**

28. Neither a public entity nor a public employee is liable for any injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him.

**THIRTEENTH AFFIRMATIVE DEFENSE**

29. A public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

//
//
//

**FOURTEENTH AFFIRMATIVE DEFENSE**

30. Neither a public entity nor a public employee is liable for any injury caused by adopting or failing to adopt an enactment or by failing to enforce any law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

31. Neither a public entity nor a public employee acting in good faith, without malice, and under the apparent authority of an enactment that is unconstitutional, invalid or inapplicable, is liable for any injury caused thereby, except to the extent that he would have been liable had the enactment been constitutional, valid and applicable.

**SIXTEENTH AFFIRMATIVE DEFENSE**

32. Neither a public entity nor a public employee is liable for any injury caused by the adoption or failure to adopt an enactment or by the failure to enforce an enactment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

33. Any alleged acts or omissions by these answering Defendant were superseded by the negligence and/or intentional acts of Plaintiff and/or third parties whose negligence intervened and was the sole and proximate cause of any detriment that Plaintiff has alleged in the FAC.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

34. The damages, if any, should be in direct proportion to the fault of these Defendants, if any, as provided by Civil Code §§1431 to 1431.5.

**NINETEENTH AFFIRMATIVE DEFENSE**

35. The actions of these Defendant and their employees in all respects were reasonable, proper and legal.

**TWENTIETH AFFIRMATIVE DEFENSE**

36. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of unclean hands.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

37. Plaintiff's claims and requests for relief are barred, in whole or in part, by the doctrine of laches.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

38. Plaintiff has failed to join all necessary and indispensable parties to this action.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

39. Neither these answering Defendants nor any of their employees acted with deliberate indifference.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

40. Defendants are not liable pursuant to the doctrine of assumption of risk.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

41. Plaintiff has failed to mitigate his damages.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

42. Neither a public entity nor a public employee is liable for any injury caused by the institution or prosecution of any judicial proceedings within the scope of the public employee's employment.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

43. To the extent that any force was used in making the arrest, it was privileged as necessary to affect the arrest, to prevent escape, or to overcome resistance.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

44. Plaintiff's claims are barred by the doctrine of issue and claim preclusion.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

45. Plaintiff's claims are barred by the doctrine of estoppel, including without limitation equitable estoppel and judicial estoppel.

### THIRTIETH AFFIRMATIVE DEFENSE

46. To the extent that Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence and damages, if any, should be reduced in direct proportion to his fault.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

47. Plaintiff's claims are improper pursuant to California Government Code § 945.3.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

48. There was reasonable cause to believe that a public offense was being committed in the presence of Defendants or their employees.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

49. Neither a public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if public protection service is provided, for failure to provide sufficient police protection service.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

50. Each of Plaintiff's state law claims are barred by the absolute "official duty" privilege of Civil Code § 47(a).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

51. Each of Plaintiff's state law claims are barred by the absolute privilege of Government Code § 821.6.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

52. The FAC and individual theories of relief set forth therein are barred by Plaintiff's failure to have complied with the California public entity and public employee claims filing provisions.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

53. This action is barred by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 335.1, 338,

339, 340, and 342, as well as California Government Code § 911.2.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

54. To the extent that any force was used in the incident complained of, it was so used in the exercise of the right of self-defense.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

55. Any injury or damage suffered by Plaintiff was caused solely by reason of his wrongful acts and conduct and the willful resistance to a peace officer in the discharge, and attempt to discharge, the duty of his office, and not by reason of any unlawful acts or omissions of these Defendants.

### FORTIETH AFFIRMATIVE DEFENSE

56. Plaintiff lacks standing to pursue claims for relief.

### FORTY-FIRST AFFIRMATIVE DEFENSE

57. Defendants are immune from liability, pursuant to Government Code § 845.8, since any injuries resulted from a criminal suspect resisting or fleeing from arrest.

### FORTY-SECOND AFFIRMATIVE DEFENSE

58. Because Plaintiff's FAC is couched in conclusory terms, these answering Defendants cannot fully anticipate all of the affirmative defenses that may be applicable to the within action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

//
//
//
//
//
//
//

WHEREFORE, Defendants County of Los Angeles and Sheriff Alex Villanueva pray that Plaintiff take nothing by way of his FAC and that Defendants herein recover their costs (including, without limitation, their defense costs pursuant to California Code of Civil Procedure § 1038) and such other and further relief as the Court may deem just and proper.

Dated: August 13, 2021　　　　　　　　LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/ Paul B. Beach_____
　　　Paul B. Beach
　　　Attorneys for Defendants
　　　County of Los Angeles and
　　　Sheriff Alex Villanueva

## **DEMAND FOR JURY TRIAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants County of Los Angeles and Sheriff Alex Villanueva demand a trial by jury pursuant to Federal Rules of Civil Procedure, Rule 38(b) and Local Rule 38-1.

Dated: August 13, 2021               LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/  Paul B. Beach_____
     Paul B. Beach
     Attorneys for Defendants
     County of Los Angeles and
     Sheriff Alex Villanueva